UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
ELVIN LEBRON,

                                          Petitioner,
                          -v.-                                                9:09-CV-1021
                                                                                       (GLS)

HAROLD GRAHAM,

                                          Respondent.
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
APPEARANCES:                                OF COUNSEL:

FOR THE PETITIONER:

ELVIN LEBRON
Petitioner, *pro se*

FOR THE RESPONDENT:

HON. ANDREW M. CUOMO               PRISCILLA I. STEWARD, ESQ.
New York State Attorney General         Assistant Attorney General
120 Broadway
New York, NY 10271

GARY L. SHARPE
UNITED STATES DISTRICT JUDGE

## MEMORANDUM-DECISION AND ORDER

### I.    BACKGROUND

The records reflects that on May 24, 1994, petitioner, *pro se* Elvin LeBron pleaded guilty in New York County to the crimes of first degree manslaughter, first degree robbery, third degree criminal possession of a weapon, and a parole violation. *See People v. Lebron*, 238 A.D.2d 150 (1st Dep't 1997). He was thereafter sentenced to an indeterminate prison term of between seven and one-third (7 1/3) to twenty-two (22) years on the manslaughter conviction, eleven (11) to twenty-two (22) years on the robbery conviction, and lesser, concurrent sentences on the remaining convictions. *Id.* The New York State, Supreme Court, Appellate Division, First

Department, unanimously affirmed the judgment of conviction, *id.*, and New York's Court of Appeals denied Lebron's subsequent application seeking leave to appeal that decision. *People v. Lebron*, 90 N.Y.2d 895 (1997).

The record further reflects that Lebron was denied release to parole on four separate occasions; in June, 2004, July, 2006, November, 2007, and August, 2008. *See* Dkt. No. 6-4; *see also* Petition (Dkt. No. 1) at p. 7.[1]

In the habeas petition he filed with this Court on September 4, 2009, Lebron asserts several arguments in support of his claim that his parole applications were wrongfully denied. Specifically, he claims that the New York State Board of Parole ("Parole Board"): i) did not possess documents it was required to consider in conjunction with his parole applications, including, *inter alia*, sentencing recommendations made by the trial court, the prosecutor, and Lebron's trial counsel, reports relating to Lebron's behavior while in prison, the sentencing transcript, and "mitigating and aggravating factors" relating to Lebron's crimes; ii) did not accurately state the circumstances relating to Lebron's crimes in conjunction with its decisions that denied his applications for parole; iii) improperly suggested that Lebron was incarcerated for a sentence that he had already fully served; and iv) utilized both incomplete and factually inaccurate information in denying those parole applications. *See* Petition at pp. 7-10. By this action, Lebron requests that this Court reverse the Parole Board's decisions and release him to parole. *Id.* at p. 10.

---

[1] Lebron attached several unnumbered pages to his petition when he commenced this action. *See* Petition and attached pages. When that pleading was docketed, page numbers were generated by the Clerk of Court's docketing system for each page of that pleading, including all attached pages. The Court's reference to the page numbers of Lebron's pleading throughout this Memorandum-Decision and Order refer to the page numbers generated when Lebron's petition was docketed.

On October 23, 2009, Lebron was conditionally released from prison to parole supervision by the New York State Department of Correctional Services ("DOCS"). *See* Dkt. No. 6-5. In his memorandum of law in opposition to Lebron's petition, respondent argues that petitioner's release to parole supervision has rendered the current habeas application moot, and that therefore this Court must grant his motion to dismiss the petition. *See* Motion to Dismiss (Dkt. No. 6); Respondent's Memorandum of Law in Support of Motion to Dismiss (Dkt. No. 6-1) ("Resp. Mem.") at pp. 3-6.

Lebron has submitted a reply memorandum of law in further support of his petition. Dkt. No. 8 ("Reply"). In arguing that this action is not moot notwithstanding his release from prison, Lebron contends that his release on October 23, 2009 was unrelated to any actions taken by the Parole Board but rather due to the fact that he was conditionally released on that date by DOCS based upon the time he had already spent in prison *vis-a-vis* the overall length of his indeterminate sentences. *See* Reply at pp. 1-2. He claims that because the Parole Board never properly considered his prior applications for parole, this Court must issue a decision addressing his challenges to those decisions. *Id.*

## II.  DISCUSSION

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003) (citation omitted); *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 303 (2d Cir. 1999) (citation omitted); *Hill v. Mance*, 598

3

F.Supp.2d 371, 377 (W.D.N.Y. 2009) (citation omitted) (Bianchini, M.J., on consent).[2] This constitutional requirement "means that, throughout the litigation, the [litigant] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

This Court must therefore ascertain whether this § 2254 action is moot due to Lebron's release from prison.

The "case-or-controversy" requirement of Article III is typically satisfied in the context of federal habeas petitions challenging the validity of a criminal conviction because the incarceration "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7; *see also Geraci v. Sheriff, Schoharie County Jail*, No. 99-CV-0405, 2004 WL 437466, at *1-2 (N.D.N.Y. Feb. 20, 2004) (Sharpe, D.J.). However, as noted above, the present action does not challenge Lebron's criminal convictions but instead asserts that the Parole Board wrongfully denied his prior applications for release to parole supervision.

In *Spencer*, the Supreme Court considered the issue of when a habeas petition challenging a revocation of an individual's parole becomes moot. In that case, the petitioner challenged the wrongful termination of his parole status, however while his challenge was pending, his term of imprisonment expired. *Spencer*, 523 U.S. at 6. The *Spencer* Court noted that "[t]he reincarceration that he incurred as a result of [the revocation of his parole] is now over, and cannot

---

[2] The *Spencer* Court noted that where the federal action no longer presents a case or controversy, the action is moot and the court no longer retains subject matter jurisdiction over the proceeding. *Spencer*, 523 U.S. at 7.

be undone." *Id*. at 8.  The *Spencer* Court noted that federal courts would continue to retain subject matter jurisdiction over that proceeding only if continuing "collateral consequences" relating to the parole revocation decision were either proven by the petitioner or properly presumed by the court.[3]  *Spencer*, 523 U.S. at 8.  Since the petitioner in *Spencer* failed to demonstrate the existence of such consequences, and the Court found that it would be inappropriate to "presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation," the petition was denied and dismissed as moot.  *Id.* at pp. 14-18.

In the present action, Lebron has not articulated in his Reply, and this Court is unable to envision, any collateral consequences he will suffer as a result of the Parole Board's failure to grant him parole at the hearings that form the subject of the present action.  *See*, *e.g.*, *Cobos v. Unger*, 534 F.Supp.2d 400, 404 (W.D.N.Y. 2008) ("There is no basis for presuming that [petitioner] will suffer any collateral consequences due to the fact parole was denied on several occasions prior to his release to parole supervision").

Moreover, if this Court were to now consider the substance of Lebron's petition, and ultimately conclude that his habeas claims had merit, he would, at most, be entitled to a new parole hearing.  *See Jones v. Giambruno*, No. 05-CV-0008, 2009 WL 1362847, at *11 (W.D.N.Y. May 14, 2009) ("A prisoner who successfully challenges a denial of parole is entitled to a rehearing, not release") (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  However, Lebron has already been released from prison.  Therefore, any ruling by this Court on the substance of his

---

[3] The collateral consequences of felony convictions include the numerous civil rights which are forfeited by individuals who have been convicted of felonies, including the inability to serve as a juror, engage in certain businesses, or vote. *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989); *Johnson v. Levine*, 00 CIV. 8402, 2001 WL 282719, at *1 (S.D.N.Y. Mar. 21, 2001).

claims challenging the Parole Board's decisions denying his prior applications for parole would plainly be an advisory opinion as to whether those decisions were correct because Lebron has already obtained the relief sought by him when he appeared before the Parole Board – his release from prison.[4]

It is well-settled that a "present, live controversy ...  must exist if [the court is] to avoid advisory opinions on abstract propositions of law.' " *Hall v. Beals*, 396 U.S. 45, 48 (1969).  Thus, the federal court's decision "must be able to affect the legal rights of the parties." *In re Nunez*, Nos. 98-CV-7077, 98-CV-7078, 2000 WL 655983, at *6 (E.D.N.Y. Mar. 17, 2000) (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)); *see also College Standard Magazine et al. v. Student Association of the State University of New York at Albany*, ___ F.3d. ___, ___, 2010 WL 2607145, at *2 (2d Cir. July 1, 2010) (federal proceeding is moot "where court cannot grant any effectual relief whatsoever") (internal quotation and citations omitted); *Martin-Trigona v. Shiff*, 702 F.2d 380 (2d Cir. 1983) ("the hallmark of a moot case ... is that the relief sought ... is no longer needed"); *Arthur v. DHS/ICE*, No. 09-CV-6130, ___ F.Supp.2d ___, ___, 2010 WL 1983075, at *3 (W.D.N.Y. May 14, 2010) (citing *Martin-Trigona*); *Li v. Napolitano*, No. 08 CIV 7353, 2009 WL 2358621, at *3 (S.D.N.Y. July 30, 2009) (citing *Martin-Trigona*).

Since the relief sought by Lebron – his release to parole supervision (*see* Petition at p. 10) – is no longer needed, and no favorable judicial decision in this proceeding could now redress the injury alleged by Lebron in this matter, the Court concludes that the present action is moot and

---

[4] Although Lebron correctly notes in his Reply that he was not paroled in October, 2009, but rather conditionally released by DOCS on that date, his release is still undeniably monitored by the New York State Division of Parole. *See*, *e.g.*, Dkt. No. 6-5.  The mere fact that petitioner has been conditionally released from prison, rather than granted parole, does not afford this Court a basis upon which it can properly find that his petition is not moot.

must be denied and dismissed on this basis. *See Washington v. Spears*, No. 07 CIV. 7773, 2009 WL 3459222, at *1-4 (S.D.N.Y. Oct. 28, 2009) (denying and dismissing as moot habeas petition claiming that parole was wrongfully revoked in light of petitioner's conditional release from prison); *Cobos*, 534 F.Supp.2d at 403-05 (habeas petition challenging denial of parole dismissed as moot in light of the fact that petitioner was released to parole supervision subsequent to commencement of action); *see also Spencer*, 523 U.S. at 7; *Martin-Trigona*, 702 F.2d at 386.

### III.    CERTIFICATE OF APPEALABILITY

Finally, the Court notes that 28 U.S.C. § 2253(c) provides, in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court ....[5]

28 U.S.C. § 2253(c)(1)(A). A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter.

**WHEREFORE**, after having reviewed the record supplied to this Court, the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED**, that respondent's motion to dismiss Lebron's petition as moot (Dkt. No. 6) is

---

[5] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." *See* Fed.R.App.P. 22(b).

**GRANTED** and his petition is **DENIED** and **DISMISSED AS MOOT** for the reasons stated above, and it is further

    **ORDERED**, that the Clerk of Court serve a copy of this Memorandum-Decision and Order upon the parties to this action, and it is further

    **ORDERED**, that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party).

    A Certificate of Appealability shall not be issued by this Court.

**IT IS SO ORDERED.**

July 12, 2010

_____
United States District Court Judge